IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

TABITHA A. JACOBS,                                                              PLAINTIFF

v.                                   Case No. 1:06-cv-1076

MICHAEL J. ASTRUE,[1] Commissioner
Social Security Administration                                                 DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Tabitha A. Jacobs,  brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability, and supplemental security income (SSI) benefits under the provisions of Title XVI of the Social Security Act (Act).

## 1. Procedural Background:

Plaintiff filed her applications for  SSI on January 14, 2004, alleging an onset date of May 29, 2002. (Tr. 48-50).[2]  Plaintiff's impairments included back problems, anxiety, and left arm problems.  Plaintiff's applications were denied initially and on reconsideration.  (Tr. 24-32, 37-38). Pursuant to Plaintiff's request, a hearing  before an Administrative Law Judge (ALJ) was held on September 27, 2005.  The Plaintiff was present and  represented by counsel, Mary Thomason, at the hearing.  Also testifying was Mark Welch, a  vocational expert (VE), and Dr. Henry Hamilton, a

---

[1] Michael J. Astrue became the Social Security Commissioner on February 12, 2007.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for acting Commissioner Jo Anne B. Barnhart as the defendant in this suit.

[2] The docket numbers for this case are referenced by the designation "Doc. No."  The transcript pages for this case are referenced by the designation "Tr."

1

medical expert and a friend of the Plaintiff. (Tr. 259-293). After considering all of the evidence of record, the ALJ rendered a decision on April 24, 2006, finding Plaintiff was not disabled within meaning of the Act at anytime during the relevant time period. (Tr.12-17). The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on July 7, 2006. (Tr. 5-7).

## 2. Applicable Law:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2007); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines

"physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f) (2003). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

## 3. Discussion:

The Plaintiff appealed the decision of the Commissioner finding her not disabled. She claims the ALJ's findings are not supported by substantial evidence in the record because the ALJ improperly applied the factors of *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984); and the ALJ

failed to correctly use the five-step process to determine whether Plaintiff was disabled.   The Defendant argues the ALJ properly evaluated Plaintiff's subjective complaints in accordance with *Polaski*; and substantial evidence supports the ALJ's determination that Plaintiff was not disabled. Because I find the ALJ did not properly apply *Polaski*, the Court will not address the other issue.

### *Polaski* Analysis

The Plaintiff claims the ALJ erred in his determination that Plaintiff's subjective complaints of pain were not fully credible.    The Plaintiff  asserts the ALJ performed an improper *Polaski* evaluation.  The Defendant argues there is substantial evidence in the record to support the ALJ's credibility determination.

In assessing the credibility of a claimant, the ALJ is required to examine and apply the five factors from *Polaski v. Heckler*.   These five *Polaski* factors  must be analyzed in light of the claimant's subjective complaints of pain and discomfort.  The factors are: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of medication; and (5) functional restrictions. *See id.* at 1322.  The ALJ is not required to methodically discuss each *Polaski* factor as long as the ALJ acknowledges and examines those factors before discounting the subjective complaints of the claimant. *See Lowe v. Apfel,* 226 F.3d 969, 371-72 (8th Cir. 2000).  When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any  inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998).

The ALJ's decision in the present action is not supported by substantial evidence in the

record.  Specifically, the ALJ's credibility determination is not supported by substantial evidence because the ALJ failed to analyze and to evaluate the Plaintiff's subjective complaints pursuant to *Polaski v. Heckler,* 739 F.2d 1130 (8th Cir. 1984).  *See Cline v. Sullivan,* 939 F.2d 560, 569 (8th Cir. 1991).  The ALJ must make an express credibility determination, must detail reasons for discrediting the testimony, must set forth the inconsistencies, and must discuss the *Polaski* factors.  *See Cline*, 939 F.2d at 565.

In the present action, although the ALJ did not acknowledge *Polaski,* he did list factors for analysis that largely mirror the factors set out in *Polaski*.[3]  (Tr. 14).  Without providing any analysis, the ALJ found that Plaintiff's allegations regarding her limitations, and her complaints of pain and discomfort, were not entirely credible.  (Tr. 15).  The ALJ failed to provide any specific reasons for his finding that Plaintiff's complaints were not credible.  The ALJ is required to acknowledge and to consider all of the *Polaski* factors prior to discounting the Plaintiff's subjective complaints of pain. *See Brown v. Chater,* 87 F.3d 963, 965 (8th Cir. 1996).   In this case the ALJ failed to properly analyze or consider those factors.

Although the ALJ discusses Plaintiff's daily activities, he fails to state any specific reason or identify any inconsistency, explaining why these activities are inconsistent with Plaintiff's complaints of pain.  (Tr. 15).  The ALJ references Plaintiff's use of pain medication and the fact that Plaintiff claimed the medicine made her drowsy, but fails to discuss the type, dosage and effectiveness of the pain medication.  (Tr. 15).

---

[3]The preferred practice is to cite to *Polaski*.  The factors mentioned by the ALJ are almost identical to the factors in *Polaski* and may be used to evaluate Plaintiff's subjective complaints in lieu of the *Polaski* factors.  *See Shultz v. Astrue,* 479 F.3d 979, 983 (8th Cir. 2007)("Although the ALJ never expressly cited *Polaski* (which is our preferred practice), the ALJ cited and conducted an analysis pursuant to 20 C.F.R. §§ 404.1529 and 416.929, which largely mirror the Polaski factors.")

The Court notes that on January 24, 2004, Plaintiff underwent an MRI. The results of the MRI showed a very large disc herniation at the L5-S1 level, bulging disc herniation at the L4-5 level, and annular tears at the L3-4 and L2-3 levels. (Tr. 157-158). Three months later, on April 5, 2004, Plaintiff underwent a microlumbar discectomy for the disc herniation at the L5-S1 level. (Tr. 141). Following surgery Plaintiff continued to have complaints of left leg pain and numbness and continued back pain. (Tr. 223, 243, 244, 245, 247-248). The ALJ does not discuss the duration, frequency, and intensity of the pain or precipitating and aggravating factors in so far as they relate to Plaintiff's complaints of pain. (Tr. 14-15).

Because the ALJ did not properly examine any of the five *Polaski* factors, this case should be reversed and remanded for a full *Polaski* analysis. *Id.*

## 4. Conclusion:

The Court has reviewed all of the relevant medical records and briefing in this case. After a careful review of the entire record, the decision of the ALJ denying benefits to the Plaintiff is not supported by substantial evidence and should be reversed. This matter should be remanded to the Commissioner for further action consistent with this opinion.

**ENTERED** this **28th day of June, 2007.**

/s/  Barry A. Bryant
HON.  BARRY  A.  BRYANT
U. S. MAGISTRATE JUDGE